David C. Marcus (SBN 158704)
Jason F. Choy (SBN 277583)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5312
Fax: (213) 443-5400
Email: david.marcus@wilmerhale.com
Email: jason.choy@wilmerhale.com

Gregory H. Lantier (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6327
Fax: (202) 663-6363
Email: gregory.lantier@wilmerhale.com

*Counsel for Defendant*
CLOVER NETWORK, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC<br><br>Plaintiff,<br><br>v.<br><br>CLOVER NETWORK, INC.<br><br>Defendant. | Case No. 4:17-cv-06982-DMR<br><br>**CLOVER NETWORK, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>**Demand for Jury Trial** |

Pursuant to Federal Rule of Civil Procedure 12, Defendant Clover Network, Inc. ("Clover") hereby provides the following answer, defenses, and counterclaims in response to the complaint filed by Plaintiff Digital Verification Systems, LLC ("DVS" or "Plaintiff").

## PARTIES[1]

1. Clover is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Clover admits that it has its principal place of business at 415 N. Mathilda Avenue, Sunnyvale, California 94085, and designs Point of Sale products in this judicial district, but denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3. Clover admits that this action purports be an action for patent infringement arising under Title 35 of the United States Code. Clover denies that the patent-in-suit is directed to patentable subject matter under 35 U.S.C. § 101.

4. This paragraph contains legal conclusions with respect to subject matter jurisdiction, to which no answer is required. To the extent an answer is required, Clover admits that, to the extent Plaintiff is found to own the patent-in-suit, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. Clover admits that its products have been sold to customers in this judicial district, but denies the remaining allegations of paragraph 5. Clover denies that it has infringed or infringes any valid and enforceable claim of United States Patent No. 9,054,860 ("the '860 patent"). Further, this paragraph contains legal conclusions with respect to personal jurisdiction, to which no answer is required.

6. Clover admits that venue in the Northern District of California is proper. Clover denies that venue was proper in the Eastern District of Texas, where the complaint was originally filed.

---

[1] For convenience and clarity, Clover's Answer utilizes certain of the same headings as in Plaintiff's complaint. Clover does not admit any of the allegations contained in Plaintiff's headings.

**THE '860 PATENT**

7. Clover admits that the '860 patent is entitled "Digital Verified Identification System and Method" and that the patent lists on its face an issue date of June 9, 2015. Clover denies that the '860 patent was properly issued. The remainder of this paragraph contains legal conclusions, to which no answer is required.

8. Clover admits that a copy of the '860 patent is attached as Exhibit A to the complaint. Clover is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore denies them.

**CLOVER'S ALLEGEDLY INFRINGING ACTIVITIES**

9. Clover denies that it has infringed or infringes any valid and enforceable claim of the '860 patent. Clover admits that it designs Point-of-Sale terminals including the Clover Mini, Clover Mobile, and Clover Station, and that descriptions of those terminals can be found on the Clover website. The remaining allegations of paragraph 9 contain legal conclusions, including interpretations of claim language, to which no answer is required. To the extent an answer is required, Clover denies the remaining allegations of paragraph 9.

10. Clover denies that it has infringed or infringes any valid and enforceable claim of the '860 patent. Clover denies that DVS has been harmed or will continue to be harmed by Clover's actions. The remaining allegations of paragraph 10 contain legal conclusions to which no answer is required. To the extent an answer is required, Clover denies the remaining allegations of paragraph 10.

**COUNT I**

11. Clover incorporates by reference paragraphs 1-10 of this Answer as if fully set forth herein.

12. Clover denies that it has infringed or infringes any valid and enforceable claim of the '860 patent. Clover denies the remaining allegations of paragraph 12.

13. Clover denies that it has infringed or infringes any valid and enforceable claim of the '860 patent. The remainder of this paragraph contains legal contentions to which no answer is required at this time. To the extent an answer is required, Clover denies the remaining

1  allegations of paragraph 13.

2      14.    Clover admits that claim 1 of the '860 patent includes the language copied in this paragraph.

4      15.    Clover denies that it has infringed or infringes any valid and enforceable claim of the '860 patent.  The remaining allegations of paragraph 15 contain legal conclusions, including interpretations of claim language, to which no answer is required.  To the extent an answer is required, Clover denies the remaining allegations of paragraph 15.

8      16.    Clover denies that it has infringed or infringes any valid and enforceable claim of the '860 patent.  The remainder of this paragraph contains legal arguments, to which no answer is required.  To the extent an answer is required, Clover denies the remaining allegations of paragraph 16.

12      17.    Clover admits that claim 26 of the '860 patent includes the language copied in this paragraph.

14      18.    Clover denies that it has infringed or infringes any valid and enforceable claim of the '860 patent.  The remaining allegations of paragraph 18 contain legal conclusions, including interpretations of claim language, to which no answer is required.  To the extent an answer is required, Clover denies the remaining allegations of paragraph 18.

18      19.    Denied.

### DEMAND FOR JURY TRIAL

20      20.    In accordance with Fed. R. Civ. P. 38(b), Clover demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

Clover denies that the Plaintiff is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

### AFFIRMATIVE DEFENSES TO DVS'S COMPLAINT

**First Defense (Failure to State a Claim for Relief)**

The Plaintiff's complaint fails to state a claim upon which relief can be granted.

**Second Defense (Non-Infringement)**

DVS is not entitled to any relief against Clover because Clover has not infringed and is not infringing any valid and enforceable claim of the '860 patent, either literally or under the doctrine of equivalents.

**Third Defense (Prosecution History Estoppel and/or Prosecution Disclaimer)**

Prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

**Fourth Defense (Invalidity)**

One or more of the claims of the '860 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and 112.

**Fifth Defense (Equitable Doctrines)**

The '860 patent is unenforceable against Clover because of one or more applicable equitable doctrines, such as estoppel, laches, waiver, acquiescence, or unclean hands.

**Sixth Defense (Limitation on Damages)**

Plaintiff's right to seek damages and other remedies from Clover is limited by 35 U.S.C. §§ 286 and/or 287.

**Seventh Defense (Reservation of Defenses)**

Clover reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

**COUNTERCLAIMS**

Clover incorporates herein by reference the admissions, allegations, denials, and Affirmative Defenses contained in its Answer above as if fully set forth herein. For its Counterclaims against the Plaintiff and upon information and belief, Clover states as follows:

**NATURE OF ACTION**

1. These are Counterclaims for declarations of non-infringement and invalidity of

1. one or more claims of the '860 patent.

2. Defendant Clover Network, Inc. ("Clover") is a Delaware corporation with its principal place of business at 415 N. Mathilda Avenue, Sunnyvale, California 94085.

3. According to the complaint, Plaintiff DVS is a company organized under the laws of the State of Texas, having its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas, 75093.

4. DVS has sued Clover, asserting that the '860 patent is valid, enforceable, and infringed by Clover. Clover denies DVS's allegations. An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more of the claims of the '860 patent and that controversy is ripe for adjudication by this Court.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over these Counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§ 1338(a), 2201, 2202, and 28 U.S.C. §§ 1331, 1337.

6. Plaintiff DVS has subjected itself to personal jurisdiction by maintaining its lawsuit against Clover in this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1367 and 1391.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment of Non-Infringement of the '860 Patent)**

8. Clover repeats and realleges the allegations of the preceding Counterclaim Paragraphs 1-7 as if set forth fully herein.

9. Plaintiff has charged Clover with infringement of the '860 patent by filing a complaint of patent infringement against Clover on February 24, 2017 (Dkt. 1).

10. Clover has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '860 patent. In light of Plaintiff's allegations of infringement, there exists an actual controversy between Plaintiff and Clover regarding this patent.

11. Accordingly, a valid and justiciable controversy has arisen and exists between

Plaintiff and Clover with respect to the alleged infringement of the '860 patent. Clover desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

12. Clover is entitled to a declaratory judgment that it has not infringed and is not infringing the '860 patent.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Invalidity of the '860 Patent)**

13. Clover repeats and realleges the allegations of the preceding counterclaim Paragraphs 1-12 as if set forth fully herein.

14. Clover contends that the claims of the '860 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

15. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiff and Clover with respect to the validity of the '860 patent. Clover desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

16. Clover is entitled to a declaratory judgment that the claims of the '860 patent are invalid.

## DEMAND FOR JURY TRIAL

17. Clover hereby demands trial by jury on all issues so triable raised by Plaintiff's complaint or by Clover's Answer and Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Clover requests that the Court enter Judgment in its favor and against Plaintiff as follows:

(a) Dismissing Plaintiff's complaint in its entirety, with prejudice;

    (b)    Entering judgment in favor of Clover and against Plaintiff;

    (c)    Declaring that Clover has not infringed, and is not infringing, either literally or under the doctrine of equivalents, any claim of the '860 patent;

    (d)    Declaring that the claims of the '860 patent are invalid;

    (e)    Awarding to Clover its costs, attorneys' fees and expenses incurred in defending this action pursuant to 35 U.S.C. § 285; and

    (f)    Awarding Clover such other relief as the Court deems just and proper.

Dated: December 19, 2017      By: */s/ David C. Marcus*

David C. Marcus (SBN 158704)
Jason F. Choy (SBN 277583)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 443-5312
Fax: (213) 443-5400
Email: david.marcus@wilmerhale.com
Email: jason.choy@wilmerhale.com

Gregory H. Lantier (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6327
Fax: (202) 663-6363
Email: gregory.lantier@wilmerhale.com

*Counsel for Defendant*
CLOVER NETWORK, INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 19, 2017, I electronically filed the above document with the Clerk of Court using CM/ECF, per Civil Local Rule 5-1, which will send electronic notification of such filing to all registered counsel.

By: */s/ David C. Marcus*